# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Carolina Cargo Inc. of Rock Hill, | Civil Action No.: 0:16-cv-03249-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Countrywide Payroll & HR Solutions, Inc. d/b/a Countrywide HR, | |
| Defendant. | |

This matter is before the court pursuant to Plaintiff Carolina Cargo Inc. of Rock Hill's Motion for Partial Summary Judgment (ECF No. 24). Defendant Countrywide Payroll and Countrywide HR filed a response in opposition to Plaintiff's Motion (ECF No. 29). For the reasons set forth below, the court transfers this case to the United States District Court for the Southern District of Florida pursuant to the parties' forum selection clause in the Service Agreement ("Agreement"). As such, the pending Motion for Partial Summary Judgment will be heard by the district court in the Southern District of Florida.

## I.    JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332. Plaintiff is a corporation organized and existing under the laws of the state of South Carolina, with its principal place of business located in York County, South Carolina. (ECF No. 1 at 1.) Defendant is a corporation organized and existing under the laws of the state of Florida, with its principal place of business located in Orange County, Florida. (*Id.*) The amount in controversy exceeds $75,000.00, exclusive of interests and costs. (*Id.* at 2.) When a federal court

1

sits in diversity jurisdiction, it applies federal procedural law and state substantive law. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2013, the parties entered into the Agreement, whereby Plaintiff would assign, and Defendant would service, chosen employees and clients of Plaintiff. (ECF No. 29 at 2.) Under the Agreement, Defendant warrants that it "is in the business of providing temporary contingent staffing services to clients through[out] the United States." (ECF No. 29-1 at 5.) The parties expressly contracted that the Agreement would be construed and governed in accordance with the laws of the state of Florida, and that "all disputes between the parties not otherwise resolved amicably shall be heard and determined within the appropriate court of general jurisdiction in Florida, which [the] court shall have sole and exclusive jurisdiction thereof." (*Id.* at 6.)

According to the Agreement, Defendant agreed to assume full responsibility for pay, withholding, transmitting payroll taxes, making unemployment contributions, making child support payments, filing certified payroll for clients and handling unemployment and workers' compensation claims involving payrolled employees, and to invoice Plaintiff under each client referred for the payroll plus bulk rates. (*Id.*) Plaintiff agreed to assume full responsibility for payment of said invoices related to the payroll plus bulk rates, including amounts of all required FICA, FUTA, SUTA workers' compensation, general liability insurance and administrative fees. (*Id.* at 5.)

On September 27, 2016, Plaintiff filed a Complaint asserting claims for declaratory judgment, restitution and fraud arising out of the Agreement. (ECF No. 1.) Plaintiff alleges that the Agreement is void because Defendant violated S.C. CODE ANN. § 40-68-10 (2013) in not

obtaining licensing as a "professional employer service." (*Id.*) Further, Plaintiff asserts that they are entitled to: (1) full restitution of monies paid to Defendant under the Agreement that Defendant was not entitled to market or enter into, and under which Defendant has refused to perform, and/or (2) damages for fraud as related to the Agreement and provision of services thereunder. (*Id.*)

On July 10, 2017, Plaintiff filed a Motion for Partial Summary Judgment requesting that the court declare that the Agreement constitutes a contract for the provision of "professional employer services" and, as a result, is void on account of Defendant's lack of licensing to operate as a professional employer organization ("PEO") in the state of South Carolina. (ECF No. 24.) On August 7, 2017, Defendant filed a response contending that it is not a PEO and does not provide "professional employer services" because it has chosen to label itself as a "temporary contingent staffing" company; (2) the statutory scheme concerning PEOs does not confer a private right of action; and (3) the suit should be dismissed and/or transferred to the district court in Ft. Lauderdale, Florida pursuant to the forum selection clause in the Agreement. (ECF No. 29.) On August 14, 2017, Plaintiff filed a reply stating: (1) the facts clearly demonstrate that Defendant was providing more than "temporary" staffing services and, in fact, was operating as a PEO in the state of South Carolina; (2) Defendant's causes of action sound in common law and are not dependent upon a statutorily conferred right of action; and (3) forum selection or choice of law provisions of a void contract cannot be enforced. (ECF No. 30).

### III.     ANALYSIS

**A. The Agreement's Forum Selection Clause**

Plaintiff avers that because the validity, and therefore, the enforceability of the Agreement is in question, then any forum selection clause is void and unenforceable. (ECF No. 30 at 8.) The court disagrees. In fact, before getting to the merits of the case (*i.e.*, the validity of the Agreement),

the court must first decide whether the matter is properly before this court. *See Republic Leasing Co., Inc., v. Haywood*, 329 S.C. 562, 566 (Ct. App. 1998) ("Under South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities.") Given that both parties consented to the forum selection clause in the Agreement and are sophisticated business entities, the court will transfer this case to the federal district court in Ft. Lauderdale, Florida, as it has exclusive jurisdiction over the claims under the valid, mandatory and enforceable forum selection clause. The Agreement, which sets forth the respective rights and obligations of Defendant and Plaintiff, includes the following clear and unequivocal choice of law and forum selection clause:

> This Agreement made pursuant to and shall be governed by and construed in accordance with the laws of the [s]tate of Florida, without regard to its principles of conflicts laws; and all disputes between the parties not otherwise resolved amicably shall be heard and determined within the appropriate [c]ourt of general jurisdiction in Ft. Lauderdale, FL, which [the] court shall have sole and exclusive jurisdiction thereof.

(ECF No. 24-1 at 6.)

In the Fourth Circuit, the enforceability and scope of a forum selection clause in a diversity action, as here, is governed by the law of the forum state, giving effect to its conflicts of laws principles. *Nutter v. New Rents, Inc.*, No. 90-2493, 1991 WL 193490, at *5 (4th Cir. Oct. 1, 1991). As such, South Carolina law, giving effect to its conflicts of laws principles, governs the enforceability and scope of the forum selection clause in the Agreement. Choice of law clauses are typically honored in South Carolina. *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007) ("Generally, under South Carolina choice of law principles, if the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law."); *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 221 (2003) ("We hold that a settlor may designate the law governing his trust, and absent a strong public policy reason, or lack of

substantial relation to the trust, the choice of law provision will be honored."); *see also Ellis v. Taylor*, 316 S.C. 245, 248 (1994) ("When the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect.).

The Agreement includes a clear choice of law provision requiring that the terms of the agreement be interpreted under Florida law: "This Agreement made pursuant to and shall be *governed by and construed in accordance with* the laws of the [s]tate of Florida." (ECF No. 24-1 at 5) (emphasis added). Under South Carolina law, this choice of law provision will be given effect unless "application of foreign law results in a violation of South Carolina public policy." *See Nucor Corp.*, 482 F.Supp.2d at 728 (referencing contracts that unreasonably restrain a [person's] right to exercise his trade or calling to be a violation of public policy). Plaintiff asserts that Defendant "cannot remove itself from the ambit of South Carolina's statutory and regulatory requirements by evoking Florida law in its contracts, as such undoubtedly violates South Carolina public policy." (ECF No. 30 at 8.) Plaintiff maintains that Defendant marketed itself to South Carolina companies, like Plaintiff, and entered into contract with South Carolina companies where employees were assigned in South Carolina, were paid in South Carolina, and received human resources services in South Carolina. (*Id*.)

The court disagrees with the assertion that the application of the choice of law and forum selection clause violates the fundamental public policy of the state of South Carolina. There is a clear and reasonable basis for the selection of Florida law. Defendant is a corporation organized and existing under the laws of the state of Florida, with its principal place of business located in Orange County, Florida, and conducts business throughout the entire United States. (ECF No. 29 at 12.) Moreover, Defendant specifically negotiated for the choice of law and forum selection clause as an integral component of the Agreement. (*Id*.) Therefore, the court determines that it

need not proceed to the substantive claims of this matter in regard to the Agreement's validity. Accordingly, this case is transferred to the United States District Court for the Southern District of Florida.

## IV. CONCLUSION

For the foregoing reasons, the court transfers this matter to the United States District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 23, 2018
Columbia, South Carolina